JS 44   (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Harleysville Worcester Insurance Company

## DEFENDANTS

Gateway Petroleum Technology, Inc., Watson Service Station, Inc., Veeder-Root Company, Gilbarco, Inc. DBA Gilbarco Veeder-Root Company and NCR Corporation

**(b)** County of Residence of First Listed Plaintiff _____Franklin County, Ohio_____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____Montgomery County, PA_____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
William T. Salzer, Esquire, Swartz Campbell LLC, One Liberty Place, 38th Floor
1650 Market Street, Philadelphia, PA 19103
Phone: 215-299-4346   Email: wsalzer@swartzcampbell.com

Attorneys *(If Known)*
N/A

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
        Plaintiff

☐ 2   U.S. Government
        Defendant

☐ 3   Federal Question
        *(U.S. Government Not a Party)*

☒ 4   Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                         *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | |
| | | | | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
        Proceeding

☐ 2   Removed from
        State Court

☐ 3   Remanded from
        Appellate Court

☐ 4   Reinstated or
        Reopened

☐ 5   Transferred from
        Another District
        *(specify)*

☐ 6   Multidistrict
        Litigation -
        Transfer

☐ 8   Multidistrict
        Litigation -
        Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332 and 28 U.S.C. § 2201

Brief description of cause:
Declaratory Judgments Act, 28 U.S.C. §2201

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE   9/24/20

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___One West Nationwide Boulevard, Columbus, Ohio 43215-2220___

Address of Defendant: ___3255 Sunset Lane, Hatboro, PA 19040___

Place of Accident, Incident or Transaction: ___998 Hickory Ridge Road, Bensalem, PA 19020___

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __09/24/2020__       *Must sign here*       ___42657___
        _____   _____   _____
                          Attorney-at-Law / Pro Se Plaintiff       Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

| | |
|---|---|
| **A.** *Federal Question Cases:* | **B.** *Diversity Jurisdiction Cases:* |
| ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts | ☑ 1. Insurance Contract and Other Contracts |
| ☐ 2. FELA | ☐ 2. Airplane Personal Injury |
| ☐ 3. Jones Act-Personal Injury | ☐ 3. Assault, Defamation |
| ☐ 4. Antitrust | ☐ 4. Marine Personal Injury |
| ☐ 5. Patent | ☐ 5. Motor Vehicle Personal Injury |
| ☐ 6. Labor-Management Relations | ☐ 6. Other Personal Injury *(Please specify):* _____ |
| ☐ 7. Civil Rights | ☐ 7. Products Liability |
| ☐ 8. Habeas Corpus | ☐ 8. Products Liability – Asbestos |
| ☐ 9. Securities Act(s) Cases | ☐ 9. All other Diversity Cases |
| ☐ 10. Social Security Review Cases | *(Please specify):* _____ |
| ☐ 11. All other Federal Question Cases | |
| *(Please specify):* _____ | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___William T. Salzer___, counsel of record or pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: __09/24/2020__       *Sign here if applicable*       ___42657___
        _____   _____   _____
                          Attorney-at-Law / Pro Se Plaintiff       Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| HARLEYSVILLE WORCESTER INSURANCE COMPANY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| GATEWAY PETROLEUM TECHNOLOGY, INC., WATSON SERVICE STATION, INC., | : | |
| VEEDER-ROOT COMPANY, GILBARCO, INC., DBA GILBRACO VEEDER-ROOT | : | |
| COMPANY, AND NCR CORPORATION, | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.       ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (xx )

| | | |
|---|---|---|
| September 22, 2020 | William T. Salzer, Esquire | Plaintiff, Harleysville Worcester Insurance Company |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-299-4346 | 215-299-4301 | wsalzer@swartzcampbell.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

    Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**SWARTZ CAMPBELL LLC**
**BY:**   William T. Salzer, Esquire
Max A. Greer, Esquire
Identification No. 42657/324776
One Liberty Place - 38th Floor
1650 Market Street
Philadelphia, PA 19103
(215) 564-5190
wsalzer@swartzcampbell.com
mgreer@swartzcampbell.com

Attorneys for Plaintiff, Harleysville
Worcester Insurance Company

| | |
|---|---|
| HARLEYSVILLE WORCESTER INSURANCE COMPANY, | |
| Plaintiff, | CIVIL ACTION |
| vs. | |
| GATEWAY PETROLEUM TECHNOLOGY, INC., WATSON SERVICE STATION, INC., VEEDER-ROOT COMPANY, GILBARCO, INC. DBA GILBARCO VEEDER-ROOT COMPANY, AND NCR CORPORATION, | NO. |
| Defendants. | |

## DECLARATORY JUDGMENT COMPLAINT

Plaintiff, Harleysville Worcester Insurance Company, by its undersigned counsel, brings this Declaratory Judgment Complaint pursuant to the Declaratory Judgments Act, 28 U.S.C. §2201, and avers as follows:

## I.    PARTIES

1.    Plaintiff, Harleysville Worcester Insurance Company ("Harleysville") is a corporation domesticated and existing under the laws of the state of Ohio, with a

principal place of business located at One West Nationwide Boulevard, Columbus, Ohio, 43215-2220.

2.      Defendant, Gateway Petroleum Technology, Inc. ("Gateway Petroleum") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 3255 Sunset Lane, Hatboro, Pennsylvania.

3.      Upon information and belief, Defendant, Watson Service Station, Inc. ("Watson") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 998 Hickory Ridge Drive, Bensalem, Pennsylvania and a registered address at 3611 Hulmeville Road, Bensalem, Pennsylvania. Watson Service Station is named as an interested party in this declaratory judgment action.

4.      Upon information and belief, Defendant, Veeder-Root Company ("Veeder-Root") is a corporation organized and existing under the laws of Delaware, with its principal place of business located at 125 Powder Forest Drive, Simsbury, Connecticut. Veeder-Root is named as a potentially interested party in this declaratory judgment action.

5.      Upon information and belief, Defendant, Gilbarco, Inc. doing business as Gilbarco Veeder-Root Company ("Gilbarco") is a corporation registered as Gilbarco, Inc. organized and existing under the laws of Delaware, with its principal place of business located at 7300 W. Friendly Ave., Greensboro, North Carolina.

Gilbarco is named as a potentially interested party in this declaratory judgment action.

6.    Upon information and belief, Defendant, NCR Corporation ("NCR") is a corporation organized and existing under the laws of Maryland, with its principal place of business located at 864 Spring St. NW, Atlanta, Georgia. NCR is named as an interested party in this declaratory judgment action.

## II.    JURISDICTION and VENUE

7.    This is action is brought under the Declaratory Judgments Act, 28 U.S.C. §2201.

8.    Harleysville and Defendants are citizens of different states.

9.    This declaratory judgment action concerns whether Harleysville is obligated to confer a defense or potential indemnification of Gateway Petroleum in the civil action, <u>Watson Service Station, Inc. v. Gateway Petroleum Technology, Inc. et al.</u>, pending in the Court of Common Pleas of Bucks County, Pennsylvania in which Watson seeks recovery of compensatory and punitive damages valued in excess of $75,000.00.

10.    This court has diversity jurisdiction under 28 U.S.C. §1332 because the amount in controversy is over $75,000.00 and the lawsuit involves citizens of different states.

11.    Venue in this court is appropriate under 28 U.S.C. §1391 as the policy of insurance which is the subject matter of this lawsuit was issued to the policyholder, Gateway Petroleum, within this judicial district and the underlying

litigation to which the declaratory judgment action relates is pending within the Court of Common Pleas of Bucks County, which is encompassed within this judicial district.

III.   **OPERATIVE FACTS**

    A.   **The Underlying Civil Action**

    12.   Gateway Petroleum Technology, Inc. is a defendant in a civil action brought by Watson Service Station in the Court of Common Pleas of Bucks County, No. 2020-02274, captioned, <u>Watson Service Station, Inc. v. Gateway Petroleum Technology, Inc. et al.</u>, ("the Watson Action"). A true and correct copy of the First Amended Complaint (the "Complaint") filed in the <u>Watson</u> Action is attached as Exhibit A.

    13.   In the <u>Watson</u> Action, Watson Service Station seeks recovery of economic losses in connection with defective and/or incorrectly installed equipment, which caused service station pumps to fail to record sales data, resulting in a loss of income. Watson further avers that the pumps did not properly operate, would disperse fuel slowly, and resulted in a loss of patronage of the service station.

    14.   According to the Complaint, in October of 2016, Watson, a Sunoco franchisee, purchased from Sunoco various components to operate a gas station, including Gilbarco fuel dispensers, an NCR Panther Fuel Control Box and a Veeder Root Chip with Installation. <u>Complaint</u>, ¶¶6-7.

    15.   Watson hired Gateway Petroleum to perform the pre-installation preparation and start up of the "Radiant" system, the installation of the NCR

4

Panther Fuel Control Box, the start up of the new Gilbarco and Veeder-Root fuel dispenser equipment, and the testing of the equipment for proper operation. Complaint, ¶9; Complaint, Exhibit "A".

16.     On September 18, 2017, Gateway Petroleum began to install the NCR Panther Fuel Control Box and start up the new Veeder Root, Gilbarco, and NCR equipment, and tested the equipment for proper operation. Complaint, ¶12.

17.     Watson avers that Thomas Watson, a shareholder and employee of Watson, noticed on September 19, 2017 that the new pumps installed by Gateway Petroleum were dispensing more fuel than what the customer actually paid. This was because the equipment that collected the sales data lost communication with the fuel dispenser, which caused the record of the sale to end, yet the pumps continued to dispense fuel. Complaint, ¶13.

18.     Watson immediately notified Gilbarco of the problem and requested a repair; Gilbarco hired Gateway Petroleum to correct the defects. Complaint, ¶¶14-15.  See Service Orders, Exhibit C to Complaint.

19.     Watson alleges Gilbarco issued eight service request notifications for Gateway to correct the defects in the pumps, equipment and software, and to collect and process the necessary data so that Watson would get paid for the fuel dispensed to its customers. Complaint, ¶16; Exhibit C to Complaint.

20.     Watson alleges the goods sold by the Veeder-Root, Gilbarco and NCR malfunctioned in the following ways: (1) by failing to pump gasoline into customers' vehicles, causing the station to lose customers; and (2) by failing to record the

5

number of gallons of gas sold by the station to its consumers, causing the station to lose money because the customers did not have to pay for the gas that was pumped into their vehicles. Complaint, ¶¶17-19.

21.    Watson alleges that it relied on Gateway to use its skill and judgment to install goods suitable and fit for their ordinary intended purpose and usage in the trade. Complaint, ¶21.

22.    Watson alleges it learned in July 2018 that Gilbarco and Gateway were using their station as a test site for the defective software included in the NCR Panther Fuel Control Box. Complaint, ¶23.

23.    Watson alleges the pumps failed to properly operate, shut down, or dispersed fuel slowly causing the station to lose customers. Complaint, ¶¶24-25.

24.    Watson alleges the equipment and software installed by Gilbarco and Gateway Petroleum were defective and/or incorrectly installed, causing a loss of revenue. Complaint, ¶26.

25.    Watson asserts that Gateway Petroleum breached its agreement with Watson by improperly installing the goods and by knowing that the goods would not work as intended, causing it to suffer damages. Complaint, ¶¶48-49.

26.    Watson alleges that Gateway Petroleum negligently breached a duty to Watson as it installed a fuel control box that it knew could not function with the Gilbarco fuel pumps as intended. Complaint, ¶¶57-58.

27.    Watson asserts a gross negligence claim against Gilbarco, NCR, and Gateway Petroleum, alleging they were grossly negligent insofar they knew the

Panther Fuel Control Box was incompatible with the Gilbarco pumps and could not be fixed, but nonetheless used the station as a test site or as a "guinea pig" to evaluate unworkable equipment and software systems. <u>Complaint</u>, ¶¶68-69. Watson seeks recovery of compensatory and punitive damages.

**B.    The Harleysville Worcester Insurance Policy**

28.    Harleysville issued a Commercial General Liability insurance policy (No. MPA 21112C) to Gateway Petroleum, a corporation, which was in effect for a period of June 30, 2016 and June 30, 2017 and renewed for the period June 30, 2017 through June 30, 2018. The Policy confers Commercial General Liability ("CGL") insurance pursuant to Coverage Form CG 0001 (12 07). A true and correct copy of the Harleysville Declarations and pertinent coverage forms are attached as Exhibit B.

29.    The CGL Policy states at Section I – Coverage A, in pertinent part, as follows:

      **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of … "property damage" to which this insurance applies … However, we will have no duty to defend the insured against any "suit" seeking damages for "property damage" to which this insurance does not apply.

      **b.**    This insurance applies to … "property damage" only if:

            **(1)**    The "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

            **(2)**    The "property damage" occurs during the policy period.

30.    The policy defines "property damage" to mean:

7

a.   Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.   Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

31.   The policy defines an "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions".

32.    The CGL Policy at Coverage A, Paragraph 2, contains an exclusion for expected or intended injury, which states in pertinent part, as follows:

2.   **Exclusions**

This insurance does not apply to:

a.   **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

33.   The CGL Policy contains an exclusion for contractual liability, which states in pertinent part, as follows:

8

**b.     Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1)     That the insured would have in the absence of the contract or agreement; or

(2)     Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonably attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a)     Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b)     Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

34.     The CGL Policy contains an exclusion for "property damage" to "your product", which states as follows:

**k.     Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

35.     The CGL Policy defines "your product" as "any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by you." "Your product" includes "warranties or representations made at any time with

respect to the fitness, quality, durability, performance or use of your product" and "the providing of or failure to provide warnings or instructions".

36.     The CGL Policy contains an exclusion for "property damage" to "your work", which states as follows:

> **l.      Damage To Your Work**
>
> "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".
>
> This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

37.     The CGL Policy defines "your work" as work or operations performed by you or on your behalf and materials, parts or equipment furnished in connection with such work or operations. "Your work" includes warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of your work" and "the providing of or failure to provide warnings or instructions".

38.     The CGL Policy contains an exclusion for "property damage" to "impaired property" or to property not physically injured, which states as follows:

> **m.      Damage   to   Impaired   Property   or   Property   Not Physiically Injured**
>
> "Property damage" to "impaired property" or property that has not been physically injured, arising out of:
>
> (1)      A defect, deficiency, inadequacy or dangerous conditions in "your product" or "your work"; or
>
> (2)      A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

39.    The CGL Policy contains an Electronic Data exclusion, which removes insurance coverage for:

> **p.    Electronic Data**
>
> Damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.
>
> As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

## COUNT I – DECLARATORY JUDGMENT
## NO PROPERTY DAMAGE

40.    The allegations in the preceding paragraphs are incorporated as if fully set forth herein at length.

41.    In the Watson Action, there are no allegations concerning any incident of physical injury to tangible property or loss of use of tangible property that is not physically injured.

42.    Rather, Watson alleges it lost revenue because the equipment that collects the sales data lost communication with the fuel dispensers, causing the record of the sale to end while still allowing fuel to be dispensed into the customers' vehicle. Complaint, ¶13.

11

43.    The loss of data which caused Watson to be unable to charge customers for fuel dispensed, causing a loss of revenue, is a financial loss stemming from a loss of data and does not qualify as "property damage" as defined by the policy.

44.    Watson also alleges it lost revenue because customers did not patronize the station due to pumps not functioning properly. Complaint, ¶18.

45.    A loss of customer goodwill due to the poor functioning of the gas pumps does not qualify as "property damage" as defined by the policy.

46.    The allegations of the Complaint in the Watson Action are confined to the recovery of intangible, economic losses only,  and not "property damage".

**WHEREFORE**, Plaintiff, Harleysville Worcester Insurance Company requests entry of a declaratory judgment in its favor and against Defendant, Gateway Petroleum Technology, Inc. and requests that the Honorable Court issue an Order declaring that (1) Harleysville Worcester Insurance Company is not obligated to defend or indemnify Gateway Petroleum Technology, Inc. for the allegations of liability in the civil action Watson Service Station, Inc. v. Gateway Petroleum Technology, Inc. et al., pending in the Court of Common Pleas of Bucks County, Docket No. 2020-02274; and (2) such further relief that the Honorable Court deems just and appropriate.

## COUNT II – DECLARATORY JUDGMENT
## NO OCCURENCE

47.    The allegations in the preceding paragraphs are incorporated as if fully set forth herein at length.

48.     The CGL Policy requires that the insured's liability for damages because of "property damage" be caused by an "occurrence".

49.     The CGL Policy defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

50.     The Watson Complaint describes faulty workmanship on the part of Gateway Petroleum, insofar as the fuel dispensers failed to function as expected due to the improper installation, testing, servicing, and/or repair by Gateway Petroleum.

51.     The Watson Complaint also describes intentional conduct by Gateway Petroleum, insofar as it is alleged that it was aware that the fuel dispensers would not correctly function with the Panther Fuel Control Box and is alleged to have used the station as a test site to evaluate unworkable equipment and software systems.

52.     Gateway Petroleum's failure to properly install, test, service, and/or repair the equipment and/or decision to use the station as a test site for defective software and the failure of the system to perform as intended or expected does not constitute an "occurrence" as defined by the policy because such "property damage" was not fortuitous, but was the known and expected consequence of Gateway Petroleum's faulty workmanship and/or intentional conduct.

53.     To the extent that Watson avers that Gateway failed to perform in accordance with its contract and service orders, liability stemming from such actions or omissions is not the result of an "occurrence".

**WHEREFORE**, Plaintiff, Harleysville Worcester Insurance Company requests entry of a declaratory judgment in its favor and against Defendant, Gateway Petroleum Technology, Inc. and requests that the Honorable Court issue an Order declaring that (1) Harleysville Worcester Insurance Company is not obligated to defend or indemnify Gateway Petroleum Technology, Inc. for the allegations of liability in the civil action Watson Service Station, Inc. v. Gateway Petroleum Technology, Inc. et al., pending in the Court of Common Pleas of Bucks County, Docket No. 2020-02274; and (2) such further relief that the Honorable Court deems just and appropriate.

## COUNT III – DECLARATORY JUDGMENT
## EXPECTED OR INTENDED EXCLUSION

54.    The allegations in the preceding paragraphs are incorporated as if fully set forth herein at length.

55.    The Watson Complaint describes intentional conduct on the part of Gateway Petroleum, insofar as it is alleged to have known that the Panther Fuel Control Box was incompatible with the Gilbarco pumps and could not be fixed, but used the station as a test site or "guinea pig" to evaluate unworkable equipment and software systems. Complaint, ¶¶68-69.

56.    Any resulting "property damage" is not covered under the CGL Policy as it was expected or intended by Gateway Petroleum or was substantially certain to result from Gateway Petroleum's intentional conduct.

57.    To the extent that Watson avers that Gateway engaged in gross negligence, such liability is not covered as any "property damage" due to gross

negligence is encompassed by the exclusion for "property damage" intended or expected by the insured.

**WHEREFORE**, Plaintiff, Harleysville Worcester Insurance Company requests entry of a declaratory judgment in its favor and against Defendant, Gateway Petroleum Technology, Inc. and requests that the Honorable Court issue an Order declaring that (1) Harleysville Worcester Insurance Company is not obligated to defend or indemnify Gateway Petroleum Technology, Inc. for the allegations of liability in the civil action Watson Service Station, Inc. v. Gateway Petroleum Technology, Inc. et al., pending in the Court of Common Pleas of Bucks County, Docket No. 2020-02274; and (2) such further relief that the Honorable Court deems just and appropriate.

**COUNT IV – DECLARATORY JUDGMENT**
**CONTRACTUAL LIABILITY EXCLUSION**

58.   The allegations in the preceding paragraphs are incorporated as if fully set forth herein at length.

59.   The contractual liability exclusion removes from coverage "property damage" liability assumed by Gateway Petroleum under a contract, unless the contract is an "insured contract".

60.   In its breach of contract claim, Watson Service Station alleges Gateway Petroleum breached its contractual agreement with Watson Service Station by improperly installing the goods and by knowing that the goods would not work as intended, causing Watson Service Station to suffer damages. Complaint, ¶¶48-49.

15

61.     Any "property damage" resulting from Gateway Petroleum's failure to perform its contractual duties to properly install the equipment is not covered under the CGL Policy.

62.     The subject contract is not an "insured contract" as defined by the policy.

**WHEREFORE**, Plaintiff, Harleysville Worcester Insurance Company requests entry of a declaratory judgment in its favor and against Defendant, Gateway Petroleum Technology, Inc. and requests that the Honorable Court issue an Order declaring that (1) Harleysville Worcester Insurance Company is not obligated to defend or indemnify Gateway Petroleum Technology, Inc. for the allegations of liability in the civil action <u>Watson Service Station, Inc. v. Gateway Petroleum Technology, Inc. et al.</u>, pending in the Court of Common Pleas of Bucks County, Docket No. 2020-02274; and (2) such further relief that the Honorable Court deems just and appropriate.

<u>COUNT V – DECLARATORY JUDGMENT</u>
<u>YOUR PRODUCT EXCLUSION</u>

63.     The allegations in the preceding paragraphs are incorporated as if fully set forth herein at length.

64.     The "your product" exclusion removes coverage for "property damage" to "your product" arising out of it or any part of it.

65.     Watson avers that Gateway contracted to install and test the Gilbarco fuel dispensers, the Panther Fuel Control Box and associated equipment.

66.   Watson avers that the installation and testing of these goods was deficient.

67.   The Watson Complaint describes liability based on damage to "your product" or arising out of it or any part of it. Gateway Petroleum's improper installation and testing of the Gilbarco and NCR equipment is encompassed by the handling of the goods manufactured and/or sold by Veeder-Root, Gilbarco, and NCR equipment during the installation process. Complaint, ¶¶11-12.

68.   Any "property damage" stemming from the failure of the pumps and fuel control box to function as intended or expected is encompassed by the "your product" exclusion.

**WHEREFORE**, Plaintiff, Harleysville Worcester Insurance Company requests entry of a declaratory judgment in its favor and against Defendant, Gateway Petroleum Technology, Inc. and requests that the Honorable Court issue an Order declaring that (1) Harleysville Worcester Insurance Company is not obligated to defend or indemnify Gateway Petroleum Technology, Inc. for the allegations of liability in the civil action Watson Service Station, Inc. v. Gateway Petroleum Technology, Inc. et al., pending in the Court of Common Pleas of Bucks County, Docket No. 2020-02274; and (2) such further relief that the Honorable Court deems just and appropriate.

## COUNT VI – DECLARATORY JUDGMENT
## YOUR WORK EXCLUSION

69.   The allegations in the preceding paragraphs are incorporated as if fully set forth herein at length.

70.    The "your work" exclusion removes coverage for "property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

71.    The Watson Complaint describes Gateway Petroleum's installation of defective fuel pump dispensers and/or improper installation of fuel pump dispensers, which caused a loss of revenue. Complaint, ¶¶ 12, 26.

72.    Any  damages sought by Watson for the cost of investigation, responding or remedying Gateway's work is encompassed by the "your work" exclusion.

**WHEREFORE**, Plaintiff, Harleysville Worcester Insurance Company requests entry of a declaratory judgment in its favor and against Defendant, Gateway Petroleum Technology, Inc. and requests that the Honorable Court issue an Order declaring that (1) Harleysville Worcester Insurance Company is not obligated to defend or indemnify Gateway Petroleum Technology, Inc. for the allegations of liability in the civil action Watson Service Station, Inc. v. Gateway Petroleum Technology, Inc. et al., pending in the Court of Common Pleas of Bucks County, Docket No. 2020-02274; and (2) such further relief that the Honorable Court deems just and appropriate.

## COUNT VII – DECLARATORY JUDGMENT
## IMPAIRED PROPERTY EXCLUSION

73.    The allegations in the preceding paragraphs are incorporated as if fully set forth herein at length.

74.    The "impaired property" exclusion removes coverage for "property damage" to "impaired property" or property that has not been physically injured arising out of a defect, deficiency, inadequacy of dangerous condition in "your product" or "your work" or a delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

75.    The CGL Policy defines "impaired property" as tangible property other than "your product" or "your work" that cannot be used or is less useful because it incorporates "your product" or "your work" that is known or thought to be defective, deficient or inadequate (or you have failed to fulfill the terms of a contract) if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

76.    Watson Service Station does not allege any facts to describe physical injury to property by reason of the failure of the dispensers to function as intended or expected.  The economic losses claimed by Watson stem from Gateway's product or work which is alleged to have been defective, deficient or inadequate and in non-conformity with contractual undertakings.

77.    Watson also does not allege that Gateway Petroleum's work or product was subjected to a sudden and accidental physical failure.

78.    Rather, Watson alleges the pumps failed to function as intended due to Gateway Petroleum's installation of defective equipment and/or incorrect installation of equipment.

79.     Watson's claims for recovery of damages is encompassed by the "impaired property" exclusion for damage to property not physically injured.

80.     Alternatively, the Complaint reflects that Gateway Petroleum's work and product were incorporated into the fuel pumps, rendered the pumps less than useful, and that the pumps can only be restored to full utility by reason of the repair, replacement, adjustment or removal of Gateway Petroleum's work, product, or its fulfilling the terms of the contract.

81.     Accordingly, the "impaired property" exclusion applies to remove coverage.

**WHEREFORE**, Plaintiff, Harleysville Worcester Insurance Company requests entry of a declaratory judgment in its favor and against Defendant, Gateway Petroleum Technology, Inc. and requests that the Honorable Court issue an Order declaring that (1) Harleysville Worcester Insurance Company is not obligated to defend or indemnify Gateway Petroleum Technology, Inc. for the allegations of liability in the civil action Watson Service Station, Inc. v. Gateway Petroleum Technology, Inc. et al., pending in the Court of Common Pleas of Bucks County, Docket No. 2020-02274; and (2) such further relief that the Honorable Court deems just and appropriate.

## COUNT VIII – DECLARATORY JUDGMENT
### ELECTRONIC DATA EXCLUSION

82.     The allegations in the preceding paragraphs are incorporated as if fully set forth herein at length.

20

83.    The Electronic Data exclusion removes coverage for "property damage" arising out of the loss of, loss of use of, damage to, corruption of, inability to access or inability to manipulate electronic data.

84.    The Policy defines "electronic data' as information, facts, or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software ... drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

85.    Watson alleges the new pumps installed by Gateway Petroleum were dispensing more fuel than what the customer actually paid for because the equipment that collected the sales data lost communication with the fuel dispenser, which caused the record of the sale to end, while still allowing fuel to be dispensed. Complaint, ¶13.

86.    Upon information and belief, the sales data was stored, created or used on or transmitted to or from computer software, including systems and applications software or other media used with electronically controlled equipment.

87.    The Watson Complaint describes damages which arise out of the loss or, loss of use, or inability to access or manipulate electronic data.

88.    Any "property damage" arising out of Watson Service Station's inability to access sales data that recorded the gallons pumped or the monetary value of the gallons for the purpose of charging its customers, is not covered.

**WHEREFORE**, Plaintiff, Harleysville Worcester Insurance Company requests entry of a declaratory judgment in its favor and against Defendant,

Gateway Petroleum Technology, Inc. and requests that the Honorable Court issue an Order declaring that (1) Harleysville Worcester Insurance Company is not obligated to defend or indemnify Gateway Petroleum Technology, Inc. for the allegations of liability in the civil action <u>Watson Service Station, Inc. v. Gateway Petroleum Technology, Inc. et al.</u>, pending in the Court of Common Pleas of Bucks County, Docket No. 2020-02274; and (2) such further relief that the Honorable Court deems just and appropriate.

**<u>COUNT IX – DECLARATORY JUDGMENT</u>**
**<u>PUNITIVE DAMAGES NOT COVERED</u>**

89.    The allegations in the preceding paragraphs are incorporated as if fully set forth herein at length.

90.    Watson avers that Gateway was grossly negligent in its services and that it is entitled to recovery of punitive damages. <u>Complaint</u>, Count IX.

91.    The averments underlying the claim for recovery of punitive damages are not based on an "occurrence" or are removed from coverage under the exclusion for intentional or expected injury.

92.    The insuring agreement does not cover punitive damages which are not damages to compensate for "property damage".

93.    In the alternative, it is contrary to public policy to indemnify against an award of punitive damages.

**WHEREFORE**, Plaintiff, Harleysville Worcester Insurance Company requests entry of a declaratory judgment in its favor and against Defendant, Gateway Petroleum Technology, Inc. and requests that the Honorable Court issue

22

an Order declaring that (1) Harleysville Worcester Insurance Company is not obligated to indemnify Gateway Petroleum Technology, Inc. for an award of punitive damages in the civil action Watson Service Station, Inc. v. Gateway Petroleum Technology, Inc. et al., pending in the Court of Common Pleas of Bucks County, Docket No. 2020-02274; and (2) such further relief that the Honorable Court deems just and appropriate.

SWARTZ CAMPBELL LLC

_____

William T. Salzer, Esquire
Max Greer, Esquire
Attorneys for Plaintiff,
Harleysville Worcester Insurance Company